**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ZAVIEN BRAND,**

    **Petitioner,**

**v.**                                       **CASE NO:   8:13-CV-2103-T-23AEP**
                                                            **8:11-CR-380-T-23AEP**

**UNITED STATES OF AMERICA,**

    **Respondent.**
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court by referral from the Honorable Steven D. Merryday for a Report and Recommendation (Dkt. No. 15) on Zavien Brand's ("Brand") Motion to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. § 2255 ("Motion"). (Dkt. No. 1.)[1] Brand's Motion, among other arguments, alleges that defense counsel failed to timely appeal, contrary to Brand's specific request. (Dkt. No. 1.) In response the United States asserts that contrary to Brand's assertion, his former attorney did meet with Brand to discuss whether he wanted to pursue an appeal and Brand specifically advised his attorney that he did not want to appeal his judgment and sentence. (Dkt. No. 10.) To address this factual dispute, an evidentiary hearing was held before the undersigned on February 9, 2015. Based upon the evidence presented, the undersigned finds that Brand did not ask his former attorney to take an appeal, and therefore, I recommend that Brand's Motion be denied in that regard.

---

[1] All references to the docket entries are to Case No. 8:13-CV-2103-T-23AEP unless otherwise specified.

I.      Procedural History and Factual Background

Brand was originally indicted on July 21, 2011 (Case No. 8:11-CR-380-T-23AEP, Dkt. No. 1), and then subsequently charged in a fourteen count Superseding Indictment (*Id.*, Dkt. No. 23) on October 27, 2011, for his involvement in a series of incidents where he possessed firearms and ammunition and sold firearms and cocaine base to an undercover officer. Counts One, Four, Five, Six, Nine, and Twelve charged Brand with various distributions of cocaine base, in violation of 21 U.S.C. § 841(a)(1); Counts Two, Seven, Ten, and Thirteen charged Brand for separate instances of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and Counts Three, Eight, Eleven and Fourteen charged Brand for separate instances of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). (*Id.*, Dkt. No. 23.)

Brand initially pled guilty to Counts One, Two, Three, Four, Five, Seven, Nine, Ten, Twelve, and Thirteen of the Superseding Indictment without the benefit of a plea agreement. (*Id.*, Dkt. Nos. 39, 45, 67.) Brand initially asserted that he elected not to enter a guilty plea to Counts Six, Eight, Eleven, and Fourteen because he believed he was not guilty of those charges. (*Id.*, Dkt. No. 67 at 21.) Brand subsequently moved to withdraw his plea to Count Twelve and this Court granted his request. (*Id.*, Dkt. Nos. 52, 60, 69 at 34.) And, in return for the United States' agreement to dismiss "all unresolved counts," Brand later elected to plead guilty pursuant to a plea agreement to Count Fourteen. (*Id.*, Dkt. Nos. 53 at 1-2, 55, 69 at 2-3, 34.)

Brand's plea agreement was filed on April 3, 2012. (*Id.*, Dkt. No. 53.) Notably, by the terms of the plea agreement, Brand expressly waived his right to appeal his sentence or:

> . . . to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

(*Id.*, Dkt. No. 53 at 11-12.)  Further, Brand expressly acknowledged, upon inquiry by the Court, that he fully understood that he was waiving his right to appeal his sentence on any other grounds, aside from those stated in his plea agreement.  (*Id.*, Dkt. No. 69 at 17-19.)

Before Brand's sentencing hearing, the United States Probation Office prepared a presentence investigative report ("PSR").  The PSR provided that the cocaine base charges in Counts One, Four, Five, and Nine, under 21 U.S.C. § 841(a)(1), each had a statutory maximum term of imprisonment of twenty years.  Addendum to PSR dated August 6, 2012 at ¶ 123.  The felon in possession of a firearm charges under 18 U.S.C. § 922(g)(1), in Counts Two, Seven, Ten, and Thirteen, respectively carried a ten year maximum term of imprisonment.  *Id.* at ¶ 124.  The possession of a firearm in furtherance of a drug trafficking crime charged in Count Three pursuant to 18 U.S.C. § 924(c)(1)(A), carried a mandatory minimum term of imprisonment of five years up to a maximum of life imprisonment, to run consecutively to all other counts.  *Id.* at ¶ 125.  And significantly, the subsequent charge under Section 924(c)(1)(A), in Count Fourteen carried a mandatory minimum term of imprisonment of twenty-five years up to a maximum of life imprisonment, to run consecutively to all other counts.  *Id.* at ¶ 126-27.  At sentencing, on August 10, 2012, in accordance with the plea agreement, Counts Six, Eight, Eleven and Twelve were

3

dismissed, and Brand was sentenced to concurrent one year terms of imprisonment as to Counts One, Two, Four, Five, Seven, Nine, Ten, and Thirteen; a consecutive five years' imprisonment as to Count Three; and a consecutive term of twenty-five years' imprisonment as to Count Fourteen. (Case No. 8:11-CR-380-T-23AEP, Dkt. No. 70, at 19-20.)  Brand's aggregate sentence equaled 372 months' imprisonment.  (*Id.*, Dkt. No. 70 at 20.)  Brand did not directly appeal his convictions or sentence and his conviction became final on August 20, 2013.

However, on August 14, 2013, Brand did file the instant Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255, alleging, amongst other arguments, that his counsel was ineffective because he failed to file a timely notice of appeal. (Dkt. No. 1.)  Specifically, Brand alleged that he requested his attorney, Brent D. Armstrong, Esq., ("Mr. Armstrong") to file an appeal after he was sentenced.  (*Id.* at 4.)   The Government filed a Response in Opposition to Brand's Motion to Vacate on April 9, 2014.  (Dkt. No. 10.)  The Government argued that Brand waived his right to appeal his sentence in his plea agreement, and further argued that Brand provided no evidence or other documentation indicating that he told his counsel to appeal his sentence.  (*Id.* at 6-9, 11-12.)  The Government also submitted an affidavit from Mr. Armstrong, who stated that "Brand directed [him] not to file a notice of appeal." (*Id.* at 128; Ex. 1.)  Brand filed a Reply to the Government's Response on July 7, 2014, in which Brand maintained that he requested Mr. Armstrong to file an appeal.   (Dkt. No. 13.)

Given that the relevant facts surrounding whether Brand directed Mr. Armstrong to file an appeal are disputed, the Court directed that an evidentiary hearing be conducted by the undersigned to determine whether Brand is entitled to a delayed appeal.  (Dkt. No. 15.)  In accordance with the Court's referral, an evidentiary hearing was held before the undersigned on

February 9, 2015, at which only two witnesses testified: Brand and Mr. Armstrong. (Dkt. No. 23.)

During his testimony, Brand recalled the events surrounding his plea agreement and plea hearing.  Notably, Brand testified that he never saw the plea agreement until he was brought into court to enter his plea on April 10, 2012.  Specifically, Brand stated that he signed the plea agreement the same day he entered his plea of guilt.  Brand also stated, in essence, that despite the appellate waiver in the plea agreement, Mr. Armstrong told him specifically that he would be able to appeal his case.[2]  Brand asserted that Mr. Armstrong told him that the plea waiver in the plea agreement was just a "formality" and that Brand could still appeal his case.  Brand also stated that almost every time he talked with Mr. Armstrong he always discussed the consecutive Section 924(c)(1)(A) charge in Count Fourteen and how to fight the consecutive twenty-five years imprisonment associated with that charge.  Brand asserted that Mr. Armstrong told him that he could fight that sentence on appeal.  Last, Brand testified that after his sentencing hearing Mr. Armstrong visited him at the Citrus County jail and he instructed Mr. Armstrong during that visit to file an appeal.

Mr. Armstrong testified that he has been practicing criminal law for approximately twenty-eight years, twenty-five of which he has practiced criminal law in federal court.  Mr. Armstrong acknowledged that he represented Brand and detailed the events that led up to Brand pleading guilty to Count Fourteen pursuant to the written plea agreement.  Mr. Armstrong noted that the alleged transactions at issue in the indictment were all video-recorded; thus, Mr. Armstrong stated it would have been very difficult to assert a defense that Brand did not have

---

[2] It is unclear from Brand's testimony during the evidentiary hearing what Brand believed he could appeal in his case.  However, upon redirect examination, Brand did state that he wanted to file an appeal based upon jurisdictional and actual innocence arguments.

5

drugs and guns at each of the alleged transactions. As a result, Mr. Armstrong explained that the strategy was for Brand to plead guilty to Counts One through Five, Seven, Nine, Ten, Twelve and Thirteen, but take to trial Counts Six, Eight, Eleven, and Fourteen. Mr. Armstrong emphasized that the primary concerns were the three pending Section 924(c)(1)(A) charges in Counts Eight, Eleven and Fourteen because combined they could have exposed Brand to a minimum mandatory sentence of seventy-five years imprisonment to run consecutive to any other term of imprisonment imposed. Thus, Mr. Armstrong detailed that the plan was to emphasize to a jury that Brand pled guilty to those charges he was in fact guilty of, but that he was not guilty of the remaining Section 924(c)(1)(A) charges. Mr. Armstrong further stated that the defense was going to be that because Brand only brought the guns at issue to the transactions at the undercover agent's request in order to sell them to the undercover agent, then he could not be guilty under Section 924(c)(1)(A) as the guns were not in furtherance of the drug transactions. However, despite this defense, Mr. Armstrong testified that Brand later decided to plea guilty because he wanted to try to cooperate with the Government in hopes of reducing his sentence. Mr. Armstrong described that in return for Brand pleading guilty to Count Fourteen pursuant to the plea agreement, the Government agreed to allow Brand to cooperate; to withdraw his plea to Count Twelve, which carried a mandatory minimum sentence of five years' imprisonment; and to dismiss the remaining Section 924(c)(1)(A) charges in Counts Eight and Eleven.

Mr. Armstrong, upon examination of his time sheet, testified that he discussed the plea agreement with Brand on March 30, 2012, for over one hour. (*See* Gov. Ex. 1.) Mr. Armstrong also testified that after Brand was sentenced he visited Brand on August 22, 2012, at the Citrus County Jail, and that he discussed with Brand his appellate rights and, in turn, Brand told him not

to file an appeal. Mr. Armstrong noted that his time sheet entry on August 22nd explicitly memorializes that Brand told him not to file an appeal. (*See id.*) In essence, Mr. Armstrong was unequivocal in maintaining that Brand did not direct him to file an appeal.

II.     Analysis

To prove his claim that counsel was ineffective for failing to file a notice of appeal, Brand must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). The Eleventh Circuit has described the test as follows:

> [F]irst, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

The Supreme Court has applied the principles in *Strickland v. Washington* to a claim of ineffective assistance of counsel due to counsel's failure to prosecute a direct appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470 (2000). In *Flores-Ortega,* the Court addressed the standards applicable to three distinct situations involving counsel's alleged failure to protect a client's appellate rights: (1) where counsel fails to file an appeal even though the defendant unquestionably expresses his desire to appeal;[3] (2) where the defendant faults counsel for not appealing even

---

[3] *Flores-Ortega*, 528 U.S. at 477 ( stating that ". . . a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. . . . [because] [a] defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes.") (citations omitted).

though the defendant stated that he did not want an appeal; and (3) where the defendant's desire to appeal is not clearly expressed one way or another.

*Flores-Ortega*, 528 U.S. at 476-77.  As to the third situation, the *Flores-Ortega* Court stated that:

> [I]n those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, we believe the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact *consulted* with the defendant about an appeal.  We employ the term "consult" to convey a specific meaning—advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes.

*Flores-Ortega*, 528 U.S. at 478 (emphasis added).

Here, Brand has not asserted a challenge to the adequacy of counsel's consultations regarding an appeal.  Consequently, the principles in *Flores-Ortega* regarding consultation are inapplicable to this matter.  The only question before the Court is simply whether Brand requested that Mr. Armstrong file an appeal on his behalf.

In this case, the issue is contingent upon a credibility determination by the Court.  Brand testified in no uncertain terms that he instructed Mr. Armstrong to file an appeal, while on the other hand, Mr. Armstrong testified unequivocally that Brand never instructed him to file an appeal, but rather directed him not to file an appeal.  If Brand's testimony was accepted by the Court, that evidence would be sufficient to warrant the granting of his belated appeal.  However, I cannot accept Brand's testimony and evidence because I find it not credible for several reasons.

As an initial matter, Brand's credibility must be subject to question because he is a convicted felon, and he has the most to gain in this matter.  Whereas, Mr. Armstrong has no vested interest in the outcome of this matter, and has no known reason to mislead the Court.

Additionally, I find Brand's testimony wholly incredible in that he never saw the plea agreement until the day of his plea on April 10, 2012. Rather, I find it entirely credible that Mr. Armstrong, as detailed in his time sheet, met for over one hour with Brand on March 30, 2012, to discuss the plea agreement. Brand's assertion that he did not see the plea agreement until April 10, 2012, the day he pled guilty, is clearly contradicted by the fact that the plea agreement was dated and filed on April 3, 2012. (Dkt. No. 53.) Further, Brand's assertion that he did not see the plea agreement until the day he pled guilty is also contrary to the undersigned's colloquy with Brand, during which Brand expressly acknowledged that he reviewed the plea agreement in its entirety in consultation with Mr. Armstrong, that Mr. Armstrong answered all his questions about the plea agreement, and that he fully understood all of the provisions of his plea agreement. (Dkt. No. 69 at 8-9.)

Additionally, I find it incredible that Mr. Armstrong would advise Brand that the appellate waiver in the plea agreement was just a "formality," and that despite the waiver Brand would still be able to appeal his sentence. Mr. Armstrong is a seasoned criminal defense attorney who has defended many federal criminal defendants in this Court. As such, Mr. Armstrong is more than intimately familiar with the Government's standard appellate waiver in the plea agreements, and as such, certainly knows that the appellate waiver is not simply a formality, but rather that the waiver forecloses a defendant's right to appeal, absent very limited circumstances. Thus, I find it implausible that Mr. Armstrong would have told Brand that despite the appellate waiver in the plea agreement, Brand would have still been able to file an appeal in his case. Further, given the colloquy with the undersigned during his plea, it is clear that Brand understood he was waiving his right to appeal his sentence absent only limited circumstances. (*Id.* at 17-19.)

Contrary to Brand's testimony, I find it more plausible that after many consultations with

9

Mr. Armstrong,[4] Brand decided to plea guilty pursuant to the written plea agreement to avoid the potential exposure of a devastating sentence in conjunction with the additional Section 924(c)(1)(A) charges, and further hoped to reduce through cooperation with the Government whatever sentence he would receive from the Court on the remaining charges. Thus, I find it more plausible that when Mr. Armstrong met with Brand on August 22, 2012, Brand told Mr. Armstrong not to file an appeal because Brand was still hoping to reduce his sentence through cooperation, and did not want to disturb the possibility of a reduction in his sentence by filing an appeal contrary to the plea agreement. Given the above, I find it simply inconceivable that Brand instructed Mr. Armstrong to file an appeal, and Mr. Armstrong disregarded his instructions.

For these reasons, I reject as not credible Brand's testimony and other evidence that he requested Mr. Armstrong to file an appeal. In other words, I find that at no time did Brand request Mr. Armstrong to file an appeal, and thus Brand's Section 2255 Motion in this regard is without merit.

### III.   Conclusion

Based on the record and the totality of the circumstances, Brand has not shown that he instructed his counsel to file an appeal, and therefore his claim of ineffective assistance of counsel on that issue fails. Accordingly, it is **RECOMMENDED** that Brand's Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 1) be **DENIED** as to his claim of ineffective assistance of counsel for failing to timely file an appeal.

---

[4] Mr. Armstrong testified that he met approximately twenty-one times with Brand.

**IT IS SO REPORTED** at Tampa, Florida, this 15th day of June, 2015.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(c); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*

Copies furnished to:

Hon. Steven D. Merryday
Counsel of Record