UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                      CASE NO. 8:11-cr-380-T-23AEP
                                              8:13-cv-2103-T-23AEP
ZAVIEN BRAND
_____/

**ORDER**

Brand moves to vacate his sentence under 28 U.S.C. § 2255. (Doc. 1) The earlier order (Doc. 15) refers to the magistrate judge Brand's claim that his counsel failed to appeal. Based on evidence presented during an evidentiary hearing, the magistrate judge issued his report and recommendation. (Doc. 26) Brand objects (Doc. 27) to the report and recommendation and requests that the district court reconsider Brand's claim that counsel failed to appeal.

**Report and Recommendation:**

The magistrate judge's thorough report includes the following recitation of facts from the evidentiary hearing and findings based on those facts:

1.   Brand was charged in a fourteen count superceding indictment for his involvement in a series of incidents where (1) he possessed firearms and ammunition and (2) he sold firearms and cocaine base to an undercover officer. More specifically, Brand faced six counts of distribution of cocaine base, four counts of being a felon in

possession of a firearm, and four counts of possessing a firearm in furtherance of a drug crime. Brand pleaded guilty to ten of the counts without the benefit of a plea agreement but he was permitted to withdraw his guilty plea to one of the counts. The magistrate judge determined that "in return for the United States' agreement to dismiss 'all unresolved counts,' Brand later elected to plead guilty pursuant to a plea agreement to Count Fourteen." (Doc. 26 at 2) As a consequence, Brand pleaded guilty to four counts of distribution of cocaine base, four counts of being a felon in possession of a firearm, and two counts of possessing a firearm in furtherance of a drug trafficking crime.

2. Brand was sentenced (1) to concurrent terms of imprisonment for one year on eight of the counts, (2) to a minimum mandatory consecutive term of imprisonment for five years, and (3) to a minimum mandatory consecutive term of imprisonment for twenty-five years, for a total of 372 months.

3. Under the terms of the plea agreement Brand waived his right to appeal his sentence or to challenge it collaterally.

4. Recognizing that the relevant claim hinges on the comparative credibility of Brand and his former counsel, the magistrate judge finds Brand not credible and finds his former counsel credible (Doc. 26 at 8):

> Brand testified in no uncertain terms that he instructed [former counsel] to file an appeal, while on the other hand, former counsel] testified unequivocally that Brand never instructed him to file an appeal, but rather directed him not to file an appeal. If Brand's testimony was accepted by the Court, that evidence

would be sufficient to warrant the granting of his belated appeal. However, I cannot accept Brand's testimony and evidence because I find it not credible for several reasons.

5. As stated in the report and recommendation, former trial counsel explained the defense's strategy for initially pleading guilty to only some of the counts (Doc. 26 at 5–6):

> [Former counsel] explained that the strategy was for Brand to plead guilty to Counts One through Five, Seven, Nine, Ten, Twelve and Thirteen, but take to trial Counts Six, Eight, Eleven, and Fourteen. [Former counsel] emphasized that the primary concerns were the three pending Section 924(c)(1)(A) charges in Counts Eight, Eleven and Fourteen because combined they could have exposed Brand to a minimum mandatory sentence of seventy-five years imprisonment to run consecutive to any other term of imprisonment imposed. Thus, [former counsel] detailed that the plan was to emphasize to a jury that Brand pled guilty to those charges he was in fact guilty of, but that he was not guilty of the remaining Section 924(c)(1)(A) charges. [Former counsel] further stated that the defense was going to be that because Brand only brought the guns at issue to the transactions at the undercover agent's request in order to sell them to the undercover agent, then he could not be guilty under Section 924(c)(1)(A) as the guns were not in furtherance of the drug transactions. However, despite this defense, [former counsel] testified that Brand later decided to plead guilty because he wanted to try to cooperate with the Government in hopes of reducing his sentence. [Former counsel] described that in return for Brand pleading guilty to Count Fourteen pursuant to the plea agreement, the Government agreed to allow Brand to cooperate; to withdraw his plea to Count Twelve, which carried a mandatory minimum sentence of five years' imprisonment; and to dismiss the remaining Section 924(c)(1)(A) charges in Counts Eight and Eleven.

6. The magistrate judge found that former counsel's testimony that Brand did not want to appeal is supported by counsel's contemporaneously maintained notes.

      7.     The magistrate judge credits former counsel's testimony and rejects Brand's testimony ((Doc. 26 at 9–10):

> Contrary to Brand's testimony, I find it more plausible that after many consultations with [former counsel], Brand decided to plead guilty pursuant to the written plea agreement to avoid the potential exposure of a devastating sentence in conjunction with the additional Section 924(c)(1)(A) charges, and further hoped to reduce through cooperation with the Government whatever sentence he would receive from the Court on the remaining charges. Thus, I find it more plausible that when [former counsel] met with Brand on August 22, 2012, Brand told [former counsel] not to file an appeal because Brand was still hoping to reduce his sentence through cooperation, and did not want to disturb the possibility of a reduction in his sentence by filing an appeal contrary to the plea agreement. Given the above, I find it simply inconceivable that Brand instructed [former counsel] to file an appeal, and [former counsel] disregarded his instructions.

**Brand's Objections:**

Brand disagrees with the magistrate judge's finding that Brand pleaded guilty to avoid a "devastating sentence" (Doc. 27, ¶ 8 at 2):

> Mr. Brand comes before this Court with an aggregate sentence at 372 months. The practical implications that Mr. Brand would have been concerned about a potentially devastating sentence in this case is not well taken by the Defendant since an over 30-year prison sentence is, in and of itself, devastating.

To summarize his argument, Brand contends (1) that the appeal waiver in the plea agreement should be restricted to only the count that was the subject of the plea agreement and (2) that he was not precluded from appealing the sentences for the other counts.  (Doc. 27, ¶ 12 at 3)

Brand cites no authority to support his argument. Moreover, the decision to enter into a plea agreement after pleading guilty to several counts without the benefit of a plea agreement is supported by former counsel's explanation of the defense's strategy, which changed when Brand changed his mind because he hoped to reduce his sentence by cooperating with the United States. Under the terms of the plea agreement the United States dismissed additional counts (including two counts that carried a minimum mandatory term of twenty-five years' imprisonment), allowed Brand to withdraw the guilty plea to a count that was not the subject of the plea agreement, and agreed to allow Brand to cooperate in hopes of reducing his sentence. The plea agreement — including the requisite appeal waiver — was part of a package both to resolve all of Brand's charges and to limit Brand's potential sentence.

Based on a credibility determination, the magistrate judge credits the testimony of Brand's former counsel and rejects Brand's testimony. *Louis v. Blackburn*, 630 F.2d 1105, 1109 (5th Cir. 1980), instructs that "the district judge should not enter an order inconsistent with the credibility choices made by the magistrate without personally hearing the live testimony of the witnesses whose testimony is determinative." Nothing about the magistrate judge's hearing, the issues, the content of the testimony, the reasonableness of the factual findings, or any other aspect of the report and recommendation raises a doubt about the correctness and reliability of the result delivered by the magistrate judge, whose determinations and recommendations are accepted.

Having independently examined the file, reviewed the report, and considered the defendant's objections (Doc. 27), the objections are overruled and the report is adopted, confirmed, and incorporated by reference into this order. Brand's remaining claims await resolution. *See McIver v. United States*, 307 F.3d 1327, 1331, n.2 (11th Cir. 2002) (suggesting that a district court should first determine whether a movant is entitled to a delayed appeal before the other claims are addressed).

Accordingly, the court adopts the report and recommendation (Doc. 26) and overrules Brand's objections. (Doc. 27)  Relief based on Brand's claim that his former counsel rendered ineffective assistance of counsel by not appealling is **DENIED**. On or before **MONDAY, AUGUST 17, 2015**, the United States must show cause why the court should not grant the requested relief based on the remaining claims. On or before **MONDAY, SEPTEMBER 21, 2015** (or thirty days after the United States complies with this order, whichever occurs later), Brand may reply.

ORDERED in Tampa, Florida, on July 1, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE