UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                               CASE NO.   8:11-cr-380-T-23AEP
                                                           8:13-cv-2103-T-23AEP
ZAVIEN BRAND
_____/

## O R D E R

Brand's moves under 28 U.S.C. § 2255 (Doc. 1) to vacate and challenges the

validity of his several convictions, for which he is imprisoned for a total of 372

months.  An earlier order (Doc. 28) adopts the magistrate judge's report and

recommendation and denies Brand's claim asserted in Ground One that trial counsel

rendered ineffective assistance by not appealing.  Grounds Two, Three, and Four

remain.  Brand is entitled to no relief on the remaining grounds because each lacks

merit and because Brand waived each claim when he pleaded guilty.

The earlier order summarized this action as follows (Doc. 28 at 1–2 and 5):

> 1. Brand was charged in a fourteen count superceding
> indictment for his involvement in a series of incidents where
> (1) he possessed firearms and ammunition and (2) he sold
> firearms and cocaine base to an undercover officer. More
> specifically, Brand faced six counts of distribution of cocaine
> base, four counts of being a felon in possession of a firearm, and
> four counts of possessing a firearm in furtherance of a drug
> crime. Brand pleaded guilty to ten of the counts without the
> benefit of a plea agreement but he was permitted to withdraw
> his guilty plea to one of the counts. The magistrate judge
> determined that "in return for the United States' agreement to
> dismiss 'all unresolved counts,' Brand later elected to plead

guilty pursuant to a plea agreement to Count Fourteen."
(Doc. 26 at 2) As a consequence, Brand pleaded guilty to four
counts of distribution of cocaine base, four counts of being a
felon in possession of a firearm, and two counts of possessing a
firearm in furtherance of a drug trafficking crime.

2. Brand was sentenced (1) to concurrent terms of
imprisonment for one year on eight of the counts, (2) to a
minimum mandatory consecutive term of imprisonment for five
years, and (3) to a minimum mandatory consecutive term of
imprisonment for twenty-five years, for a total of 372 months.

3. Under the terms of the plea agreement Brand waived his
right to appeal his sentence or to challenge it collaterally.

. . . .

Moreover, the decision to enter into a plea agreement after
pleading guilty to several counts without the benefit of a plea
agreement is supported by former counsel's explanation of the
defense's strategy, which changed when Brand changed his
mind because he hoped to reduce his sentence by cooperating
with the United States. Under the terms of the plea agreement
the United States dismissed additional counts (including two
counts that carried a minimum mandatory term of twenty-five
years' imprisonment), allowed Brand to withdraw the guilty
plea to a count that was not the subject of the plea agreement,
and agreed to allow Brand to cooperate in hopes of reducing his
sentence. The plea agreement — including the requisite appeal
waiver — was part of a package both to resolve all of Brand's
charges and to limit Brand's potential sentence.

Each of the three remaining grounds challenges Brand's 25-year minimum

mandatory sentence.  Brand (1) challenges the district court's jurisdiction to impose a

25-year minimum mandatory sentence and claims the indictment was allegedly faulty

(Ground Two) and (2) challenges counsel's effectiveness during both the plea

negotiation and the sentencing (Grounds Three and Four).  Brand's guilty plea

forecloses each challenge.

## GUILTY PLEA

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973), holds that a guilty plea waives a non-jurisdictional defect:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

This waiver of rights precludes most challenges to the conviction.  "[W]hen the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary."  *United States v. Broce*, 488 U.S. 563, 569 (1989).  *See also United States v. Patti*, 337 F.3d 1217, 1320 (11th Cir. 2003) ("Generally, a voluntary, unconditional guilty plea waives all non-jurisdictional defects in the proceedings.") and *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) ("A defendant who enters a plea of guilty waives all non-jurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained.").  A guilty plea waives a claim based on a pre-plea event, including a claim of ineffective assistance of counsel. *Wilson*, 962 F.2d at 997.  Consequently, the entry of a guilty plea waives a claim that occurred before entry of the plea, including both a substantive claim and a purported failing of counsel but neither a jurisdictional challenge nor a voluntariness challenge to the plea.

# INEFFECTIVE ASSISTANCE OF COUNSEL

Brand claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (*quoting Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable

- 4 -

professional judgment." *Strickland*, 466 U.S. at 690.  "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."  466 U.S. at 690.

Brand must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."  466 U.S. at 691–92.  To meet this burden, Brand must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."  466 U.S. at 690–91.  Brand cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . . We are not interested in grading lawyers'

> performances; we are interested in whether the adversarial
> process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992).  *Accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different.  So, omissions are inevitable . . . .  [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (*en banc*) (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)).  *See also Jones v. Barnes*, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).

**Remaining Grounds:**

In Ground Two Brand alleges that the district court lacked jurisdiction to impose a 25-year minimum mandatory sentence because the indictment failed to charge that a second or subsequent conviction under 18 U.S.C. § 924(c) would require the district court to impose an enhanced sentence.  Brand argues the following in his motion to vacate (Doc. 1 at 5):

> The U.S. Supreme has recently held, and in essence overturned prior Supreme Court precedent and circuit court precedent, that any fact, that by law increases a minimum mandatory must be charged in the indictment and proved to a jury beyond a reasonable doubt.  Because 18 U.S.C. 924 statue requires enhanced mandatory minimum sentences under various subsection(s), they are now elements that must be charged in the indictment.

In Ground Three Brand alleges that counsel rendered ineffective assistance by "failing to apprise him of the fact that he would be receiving a 25 year minimum mandatory-consecutive stacked sentence . . . ." (Doc. 1 at 7)  In Ground Four Brand

alleges that counsel rendered ineffective assistance by not objecting to the 25-year

mandatory sentence.[1]  Brand waived challenging each ground, and each ground lacks

merit.[2]

Brand asserts entitlement to the retroactive application of *Alleyne v. United*

*States*, 133 S. Ct. 2151, 2155 (2013), which holds that any fact that increases the

mandatory minimum sentence is an element of the offence that must be found

beyond a reasonable doubt.

> In *Harris v. United States*, 536 U.S. 545, 122 S. Ct. 2406, 153 L.
> Ed. 2d 524 (2002), this Court held that judicial factfinding that
> increases the mandatory minimum sentence for a crime is
> permissible under the Sixth Amendment.  We granted *certiorari*
> to consider whether that decision should be overruled. 568 U.S.
> ___, 133 S. Ct. 420, 184 L. Ed. 2d 252 (2012).
>
> *Harris* drew a distinction between facts that increase the
> statutory maximum and facts that increase only the mandatory
> minimum.  We conclude that this distinction is inconsistent
> with our decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.
> Ct. 2348, 147 L. Ed. 2d 435 (2000), and with the original
> meaning of the Sixth Amendment. Any fact that, by law,

---

[1]  In this ground Brand also alleges that counsel was ineffective at sentencing for not "provid[ing] mitigating evidence in support of a more lenient sentence." (Doc. 1 at 8) Brand identifies no evidence that counsel should have presented. This conclusory assertion supports no relief.

[2]  Brand's original reply includes the conclusory statement that, under the "<u>Alleyne</u>-rule," he is "actually innocent of the minimum mandatory 25 years imposed upon him." (Doc. 13 at 8) The statement appears nowhere else. Nonetheless, under *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992), *cert. denied*, 513 U.S. 1162 (1995), the statement is construed as asserting entitlement to relief. The claim is both procedurally defaulted and without merit. "Because we conclude that McKay procedurally defaulted his claim by failing to raise it on direct appeal and that the actual innocence exception does not apply to McKay's claim of legal innocence, we AFFIRM the district court's denial of McKay's § 2255 motion." *McKay v. United States*, 657 F.3d 1190 (11th Cir. 2011) (capitalization original) (rejecting claim of actual innocence of career offender sentence), *cert. denied*, 133 S. Ct. 112 (2012). *See Hill v. United States*, 569 Fed. App'x 646, 648 (11th Cir. 2014) (applying *McKay*). Brand asserts no cause and prejudice to overcome the procedural default, actual innocence is inapplicable to overcome the procedural default, and under the terms of the plea agreement, as discussed later, Brand waived challenging his sentence.

increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. *See id.*, at 483, n. 10, 490, 120 S. Ct. 2348. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

Both *Apprendi* and *Alleyne* specifically recognize that, under *Almendarez–Torres v. United States*, 523 U.S. 224 (1998), a conviction is an exception to this beyond-a-reasonable-doubt requirement. *Apprendi*, 530 U.S. at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."); *Alleyne*, 133 S. Ct. at 2160 ("Because the parties do not contest [*Almendarez-Torres*]'s vitality, we do not revisit it for purposes of our decision today."). *See also United States v. Flowers*, 531 Fed. App'x 975, 985 (11th Cir. 2013) ("Flower's reliance on *Alleyne* is unavailing. *Alleyne* did not address prior-conviction sentencing enhancements. Instead, *Alleyne* merely extended the rationale of *Apprendi*, which itself noted that the Sixth Amendment did not require 'the fact of a prior conviction' to be submitted to a jury and proved beyond a reasonable doubt.").

Although *Apprendi*, *Alleyne*, and *Almendarez-Torres* use the term "prior conviction," convictions in a single proceeding will support an enhanced sentence, as *United States v. Irby*, 477 Fed. App'x 727, 728 (11th Cir. 2012),[3] explains:

> We next turn to Irby's contention that Count 5 is not second or subsequent conviction under § 924(c)(1)(C). If a defendant receives a "second or subsequent" conviction under § 924(c), he is subject to a mandatory consecutive sentence of 25 years for

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

> that second conviction. 18 U.S.C. § 924(c)(1)(C). A district court may deem one of two § 924(c) convictions charged in the same indictment as a "second or subsequent" conviction under § 924(c)(1)(C). *United States v. Phaknikone*, 605 F.3d 1099, 1111–12 (11th Cir. 2010) (noting that we "long ago rejected" the argument that a district court cannot impose a 25-year sentence under § 924(c)(1)(C) for a conviction contained in the same indictment as the other § 924(c) conviction); *Deal v. United States*, 508 U.S. 129, 134–35, 113 S. Ct. 1993, 1997–98, 124 L. Ed. 2d 44 (1993). Thus, the district court did not err in considering one of Irby's two § 924(c) convictions a second or subsequent conviction under § 924(c)(1)(C) even though the two § 924(c) convictions were charged in the same indictment.

The plea agreement cautioned Brand that he faced a "mandatory minimum sentence of twenty-five years and a maximum term of imprisonment of life, which may not run concurrently with any other term of imprisonment imposed upon the defendant . . . ." (Doc. 53 at 1)  Additionally, under the terms of the plea agreement, Brand "agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally . . . ." (Doc. 53 at 11)  When he pleaded guilty Brand admitted to understanding the potential sentence and the appeal waiver. (Doc. 69 at 18–19 and 24)  Although Brand faced a possible sentence of life imprisonment, the district court, in formulating an appropriate sentence, varied downward from a guidelines range of 84–105 months to concurrent sentences of only twelve months for counts one, two, four, five, seven, nine, ten, and thirteen.  As statutorily required, each one year sentence is followed by a consecutive sentence of five years for count three and a consecutive sentence of twenty-five years for count

fourteen.  Brand's total sentence of 372 months is based on his actions, not counsel's alleged inaction.

Accordingly, the motion under Section 2255 to vacate the sentence (Doc. 1) is **DENIED**.  The clerk must enter a judgment against Brand, enter a copy of this order in the criminal action, and close this case.

## DENIAL OF BOTH A
## CERTIFICATE OF APPEALABILITY
## AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Brand is not entitled to a certificate of appealability ("COA").  A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  To merit a certificate of appealability, Brand must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Brand is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**.  Leave to appeal *in forma pauperis* is **DENIED**.  Brand must obtain authorization from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on March 29, 2017.

_____

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE